IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,

        Plaintiff,                          No. CIV S-04-1183 LKK DAD P

   vs.

C.K. PLILER, et al.,

        Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action. Defendants have moved to dismiss the case pursuant to 28 U.S.C. § 1915(g) on the ground that plaintiff was wrongfully granted the privilege of proceeding in forma pauperis in this action.

PROCEDURAL BACKGROUND

        Although plaintiff is currently confined at California State Prison-Corcoran, his claims arose at California State Prison-Sacramento in 2002. Plaintiff's complaint was received for filing on June 21, 2004. On January 5, 2006, the court granted plaintiff's application to proceed in forma pauperis and determined that plaintiff's complaint states cognizable claims for relief against the five defendants. On February 2, 2006, the United States Marshal was directed to serve plaintiff's complaint on defendants Pliler, Rosario, Stiles, Goughnour, and Vance.

1

On April 3, 2006, the defendants filed their motion to dismiss. Pursuant to an extension of time granted on April 25, 2006, plaintiff filed timely opposition to defendants' motion. Defendants filed a reply on May 5, 2006, and plaintiff filed a reply to defendants' reply on May 15, 2006.

DEFENDANTS' MOTION

Defendants request that the court revoke plaintiff's in forma pauperis status and dismiss this action as wrongfully brought in forma pauperis. Defendants assert that plaintiff is a frequent litigator in the federal courts, that he has brought at least sixteen district court actions and five appeals in the Ninth Circuit, and that most of his complaints were without merit.

Specifically, defendants contend that this action is subject to the provisions of § 1915(g) because plaintiff brought the case in forma pauperis while incarcerated. Defendants challenge plaintiff's right to proceed in forma pauperis and offer evidence to show that plaintiff is barred from proceeding in forma pauperis because, prior to bringing this action, he brought three or more federal cases that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Defendants argue that the burden shifts to plaintiff to persuade the court that § 1915(g) does not apply.

Defendants provide PACER records of plaintiff's filings in the district courts and identify three cases as strikes for purposes of 28 U.S.C. § 1915(g). Defendants argue that each case was dismissed for failure to state a claim on which relief can be granted: (1) Chappell v. Reed, case No. CIV S-02-1706 GEB JFM P (E.D. Cal.); (2) Chappell v. McCargar, case No. CIV S-02-2299 GEB KJM P (E.D. Cal.); and (3) Chappell v. Gomez, case No. 94-CV-1520 (N.D. Cal.). Defendants state that plaintiff's in forma pauperis status was previously revoked on March 10, 2006, in Chappell v. Scribner, case No. CIV F-04-5876 OWW DLB P (E.D. Cal.), and plaintiff was ordered to pay the filing fee because the court found that he has been subject to the § 1915(g) bar since July 2, 2003.

/////

1    Defendants argue that plaintiff's first strike occurred in Chappell v. Reed on
2 January 22, 2003, when the court screened plaintiff's complaint and dismissed it for failure to
3 state any claims under federal law. Defendants argue that plaintiff's second strike occurred in
4 Chappell v. McCargar on July 2, 2003, when the court screened plaintiff's complaint and
5 dismissed it for failure to state any claims under federal law. Defendants argue that plaintiff's
6 third strike occurred in Chappell v. Gomez, on July 14, 2004, when the court dismissed the
7 complaint as duplicative or "lacking in factual legal basis." Defendants conclude that the present
8 action should be dismissed under 28 U.S.C. § 1915(g) unless plaintiff can persuade the court that
9 the three-strikes bar does not apply.

10                                    PLAINTIFF'S OPPOSITION
11    Plaintiff denies that § 1915(g) bars him from proceeding in forma pauperis in this
12 case. Plaintiff asserts that Chappell v. McCargar, case No. CIV S-02-2299 GEB KJM P (E.D.
13 Cal.), cannot be counted as a strike because the case was reversed and remanded by the Ninth
14 Circuit, and is currently set for trial in May 2007. Plaintiff asserts that Chappell v. Gomez, case
15 No. 94-CV-1520 (N.D. Cal.), cannot be counted as a strike because the case was dismissed as
16 duplicative when the court opened a new civil action in error after plaintiff sent the court several
17 copies of his original complaint already on file in another case.

18    Plaintiff argues that defendants' reliance on the court's application of the three-
19 strikes bar in Chappell v. Scribner is misplaced because the Scribner court counted as a strike
20 Chappell v. McCargar, the same case erroneously relied upon by defendants in this case, and
21 Chappell v. Dickerson, a case that was pending when it was counted as a strike in Scribner and is
22 still pending today. Plaintiff states that the Scribner case itself was dismissed for failure to pay
23 the filing fee and cannot be counted as a strike.

24    Plaintiff concedes that Chappell v. Reed, case No. CIV S-02-1706 GEB JFM P
25 (E.D. Cal.), may count as a strike, but he denies suffering any other strikes. In anticipation of
26 defendants' assertion of other strikes, however, plaintiff asserts that the Ninth Circuit found, in

the context of denial-of-access-to-the-court claims alleged in Chappell v. McCargar, that the claims alleged in Chappell v. Rios were meritorious.  Plaintiff also contends that he prevailed in Chappell v. Trujillo, Chappell v. Gomez, Chappell v. Henry, and Chappell v. Gaitonde.  Plaintiff concludes that defendants' motion should be denied.

## DEFENDANTS' REPLY

In reply, defendants argue that, even assuming Chappell v. McCargar is not a strike, there are still three qualifying strikes and plaintiff's in forma pauperis status has been revoked in Chappell v. Braswell, case No. CIV F-04-6197 OWW WMW P (E.D. Cal.), a case in which plaintiff's appeal has been dismissed for failure to prosecute.

Defendants continue to rely on Chappell v. Reed and Chappell v. Gomez together with Chappell v. Rios, case No. CIV S-99-0893 FCD JFM P (E.D. Cal.).  Defendants state that these cases are the three relied upon in Chappell v. Braswell.  Defendants argue that Rios was dismissed because the claims lacked merit.  Defendants contend that the burden shifts once again to plaintiff to prove that he is not entitled to proceed in forma pauperis.

## PLAINTIFF'S REPLY TO REPLY

Plaintiff refers to his previous arguments concerning the disposition of Chappell v. Rios and disputes the Braswell court's reliance on that case and Chappell v. Gomez.

## ANALYSIS

Pursuant to the Prison Litigation Reform Act enacted in 1996 (PLRA), prisoners may be precluded from proceeding in forma pauperis under certain circumstances.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

1    When plaintiff brought this case on June 21, 2004, the undersigned reviewed
2 plaintiff's previous filings and found one dismissal that appeared to qualify as a strike: Chappell
3 v. Reed, case No. CIV S-02-1706 GEB JFM P (E.D. Cal.), dismissed January 22, 2003, as Heck-
4 barred, and affirmed on appeal.
5    The undersigned was aware that Chappell v. McCargar, case No. CIV S-02-2299
6 GEB KJM P (E.D. Cal.), had been dismissed for failure to state a claim, but plaintiff's appeal
7 was pending when the undersigned ordered plaintiff to pay the filing fee or file an application to
8 proceed in forma pauperis. Chappell v. McCargar had been reversed and remanded by the time
9 the undersigned granted plaintiff's application to proceed in forma pauperis. The reversal and
10 remand of the case precludes its consideration as a strike.
11    The undersigned was also aware of Chappell v. Gomez, case No. CV 94-1520
12 (N.D. Cal.). The case was dismissed on July 14, 1994, for reasons that are not entirely clear.
13 The docket entry reads as follows: "ORDER by Judge Fern M. Smith, the Court finds that the
14 claims are duplicative or lacking factual in legal basis thus dismissing case." (Def'ts' Motion to
15 Dismiss, Attach. 4.) The undersigned accepts plaintiff's explanation that he had filed an original
16 complaint earlier and when he subsequently sent copies for the defendants a new action was
17 opened in error and then dismissed as duplicative. A pleading filed in error and dismissed as
18 duplicative cannot be counted as a strike.
19    Finally, the undersigned was aware of Chappell v. Rios, case No. CIV S-99-0893
20 FCD JFM (E.D. Cal.), dismissed by order granting "[d]efendants' February 28, 2000 motion to
21 dismiss or, in the alternative, motion for summary judgment." (Order filed Oct. 2, 2000, at 2.) In
22 the findings and recommendations adopted by the district judge, the magistrate judge in that case
23 set forth the legal standards for motions to dismiss and motions for summary judgment,
24 determined the undisputed facts, and considered evidence outside the pleadings in making
25 findings. The granting of summary judgment on some claims precludes a determination that the
26 case was dismissed for failure to state a claim on which relief could be granted.

1  The undersigned determined at screening and finds again that when plaintiff
2 brought this action on June 21, 2004, he had not, on three or more prior occasions, brought an
3 action or an appeal that was dismissed on a ground specified in 42 U.S.C. § 1915(g). Plaintiff's
4 litigation history prior to June 21, 2004, does not support a determination that plaintiff should
5 have been precluded from proceeding in forma pauperis when he brought this case. The
6 undersigned will recommend that defendants' motion to dismiss be denied.

7  In accordance with the above, IT IS HEREBY RECOMMENDED that:

8  1. Defendants' April 3, 2006 motion to dismiss pursuant to 28 U.S.C. §1915(g)
9 be denied; and

10  2. Defendants be directed to file an answer within the time provided by Rule
11 12(a)(4)(A) of the Federal Rules of Civil Procedure..

12  These findings and recommendations are submitted to the United States District
13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
14 days after being served with these findings and recommendations, any party may file and serve
15 written objections with the court. A document containing objections should be titled "Objections
16 to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed
17 and served within ten days after service of the objections. The parties are advised that failure to
18 file objections within the specified time may waive the right to appeal the District Court's order.
19 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
20 DATED: December 20, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

24 DAD:13
chap1183.mtd