IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,

      Plaintiff,                      No. CIV S-04-1183 LKK DAD P

    vs.

C.K. PLILER, et al.,

      Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  First, plaintiff has filed a request for an order requiring Warden Felker, Lieutenant Bishop, Sergeant Lee, Sergeant DeForest, and Property Officer Kalbach to return his property, including his legal materials and books.  The individuals named by plaintiff in his request, however, are not defendants in this action.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Accordingly, plaintiff's request will be denied.[1]

---

[1] If plaintiff has not yet received his property, he should file an administrative grievance at his institution and seek relief directly from prison officials.  Cal. Code Regs. tit. 15, § 3084.1(a) (a prisoner may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare.").

1

In addition, plaintiff has requested an extension of time to file a status report in this action. In particular, plaintiff requests an additional thirty days from the date the court rules on his request for a court order. In light of the court's ruling above, plaintiff will be granted thirty days from the date of this order to file his status report.[2]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's August 17, 2007 request for a court order is denied;

2. Plaintiff August 17, 2007 request for an extension of time to file a status report is granted; and

3. Plaintiff is granted thirty days from the date of this order to file a status report. Failure to file a status report in accordance with this order may result in the imposition of sanctions, including dismissal of the action or preclusion of issues or witnesses.

DATED: February 20, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
chap1183.sr

---

[2] Plaintiff's status report should address: (1) Whether this matter is ready for trial and, if not, why not; (2) Whether additional discovery is deemed necessary and, if so, the nature and scope of the discovery and the time needed in which to complete it; (3) Whether a pretrial motion is contemplated and, if so, the type of motion and the time needed to file the motion and complete the time schedule set forth in Local Rule 78-230(m); (4) A narrative statement of the facts that will be offered by oral or documentary evidence at trial; (5) A list of all exhibits to be offered into evidence at the trial of the case; (6) A list of the names and addresses of all witnesses the party intends to call; (7) A summary of the anticipated testimony of any incarcerated witnesses; (8) The time estimated for trial; (9) Whether either party still requests trial by jury; and (10) Any other matter, not covered above, which the party desires to call to the attention of the court.