IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,

        Plaintiff,                No.  2: 04-cv-1183 LKK DAD P

    vs.

C.K. PLILER, et al.,

        Defendants.        <u>ORDER AND</u>

                             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding *pro se* with a civil rights action seeking relief under 42 U.S.C. § 1983.  Pending before the court are three motions to lift the previously imposed stay.  Included within one of plaintiff's motions for reinstatement is a motion to remove the undersigned from the case, filed pursuant to 28 U.S.C. § 144, and a motion for sanctions against the defendants.  (<u>See</u> Doc. No. 60.)  For the following reasons, it will be recommended that the motion to lift the stay be granted.  Plaintiff's motion to remove the undersigned will be denied.

I.  BACKGROUND

        In his complaint filed in this action plaintiff alleges as follows.  On January 4, 2002, prison officials at CSP-Sacramento placed the facility on lockdown following a violent

1

incident in the dining hall between Southern Mexican inmates and correctional staff. During the extended lockdown, plaintiff was not allowed outdoor exercise time, canteen privileges, quarterly packages, or visitation. In addition, prison officials issued a memorandum stating that all tobacco products would be considered contraband in 30 days. On two separate occasions during the extended lockdown, plaintiff's attorney attempted to visit him but prison officials denied plaintiff the right to see his attorney. Prison officials also denied plaintiff access to the law library. According to plaintiff, as a result of this lockdown he had virtually no permissible out-of-cell activity from January 2002 to August 2002.

Based upon these allegation plaintiff claims that: defendants denied him outdoor exercise and access to the canteen for more than eight months in violation of the Eighth Amendment; defendants interfered with his access to the courts by denying him visits with his attorney and access to the law library in violation of the First Amendment; defendants denied him equal protection and due process by imposing lockdown conditions on him while allowing privileges to those designated "critical workers" in violation of his rights under the Fourteenth Amendment; and defendants' conduct violated California Penal Code § 825(b) and California Code of Regulations Title 15, § 3175.

Defendants moved for summary judgment in January 2009. In June 2009, it was recommended that defendants' motion for summary judgment on plaintiff's Eighth Amendment claims be denied. In those findings and recommendations it was determined that plaintiff claim was "virtually identical" to that presented in Norwood v. Alamedia, No. Civ. S-03-2554 GEB GGH (E.D. Cal.) The June 2009 findings and recommendations also recommended granting defendants' summary judgment motion on plaintiff's First Amendment claims of denial of access to the courts. Third, it was recommended that defendants' motion for summary judgment with respect to the affirmative defense of qualified immunity be denied. Finally, it was recommended that plaintiff's Fourteenth Amendment equal protection and due process claims, his state law claims brought under California Penal Code § 825 and California Code of Regulations Title 15, §

3175(a)-(c) and his Eighth Amendment claim challenging the banning of tobacco from CSP-Sacramento be dismissed for failure to state a cognizable claim.

Defendants filed objections to the findings and recommendations. On September 9, 2009, the assigned district judge stayed this action. In doing so, the district judge stated that:

> since the issuance of the findings and recommendations, the Court of Appeals has reversed the district court's decision in Norwood v. Vance, No. 2:03-cv-2554-GEB-GGH, on which the magistrate judge's findings and recommendations in the instant case had relied heavily. The Norwood petitioner has since sought rehearing en banc and the Court of Appeals has directed appellants to file a response. [¶] Because the Court of Appeals' resolution of Norwood is highly relevant to the resolution of the instant case, particularly on the issue of qualified immunity of the defendants in factual circumstances virtually identical between the two cases, the court finds that it is appropriate to stay the case pending the Norwood decision.

(Doc. No. 57 at p. 1-2.) Accordingly, this action was stayed pending resolution of the motion for rehearing en banc in Norwood. Furthermore, the defendants were ordered to notify the court within twenty days of the resolution of the motion in Norwood. (See id. at p. 2.) On January 7, 2010, the United States Court of Appeals denied the petition for rehearing en banc in Norwood. See Norwood v. Vance, 591 F.3d 1062, 1064 (9th Cir. 2010), cert. denied, ___U.S.___, 131 S. Ct. 1465 (2011).

II. MOTION FOR REINSTATEMENT

In January 2012, plaintiff filed a motion to return the case to the active calendar. (See Doc. No. 59.) In that motion, plaintiff correctly notes that the motion for rehearing en banc in Norwood was decided by the Ninth Circuit in January 2010. See Norwood, 591 F.3d at 1064.[1] Therefore, it will be recommended that the motion to reinstate this case to active status be granted and that the previously issued stay be lifted.

---

[1] Unfortunately, until very recently the court was unaware of the Ninth Circuit's January 7, 2010 order in Norwood or of plaintiff's 2012 filings seeking the lifting of the previously issued stay.

III.  MOTION FOR RECUSAL

Plaintiff has also filed a motion to recuse the undersigned pursuant to 28 U.S.C. § 144.  (See Doc. No. 60.)  Section 144 states that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The standard for recusal under 28 U.S.C. § 144 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Mayes v. Leipziger, 729 F.2d 607, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)).  To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source since a judge's previous adverse ruling alone is not sufficient for recusal.  See id.

Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit.  A judge who finds the affidavit legally sufficient must proceed no further under § 144 and must assign a different judge to hear the matter.  See 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  Nevertheless, where the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter.  See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a § 144 affidavit is a judge obligated to reassign decision on merits to another judge)).  If the

4

affidavit is legally insufficient, then recusal can be denied. See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).

Plaintiff's motion for recusal in this case is substantively insufficient under § 144 because it fails to allege facts that would support the contention that the undersigned has exhibited bias or prejudice directed towards plaintiff from an extrajudicial source. See Sibla 624 F.2d at 868 ("An affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."). Plaintiff's motion for recusal alleges bias and prejudice arising solely out of judicial actions taken by the undersigned. For example, plaintiff complains that the undersigned is biased against him based on the June 2009 findings and recommendations as well as the alleged failure to rule on plaintiff's motions for reinstatement.

The issues raised by plaintiff in his motion for recusal are not proper grounds to disqualify a judge for bias and prejudice. As the United States Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Instead, the judicial rulings are a basis for appeal, not recusal. See id. ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal."); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.") (citations omitted). For these

/////
/////
/////
/////

reasons, plaintiff's motion for recusal will be denied.[2]

## IV.  MOTION FOR SANCTIONS

Plaintiff requests that the court impose sanctions on defendants' attorney for failing to comply with the assigned district judge's September 4, 2009 order.  (See Doc. No. 60.) As previously noted, therein the defendants were ordered to notify the court within twenty days of the resolution of the motion for rehearing en banc in Norwood.  Plaintiff states that he wrote to defendants' attorney after finding out that the Norwood decision had been issued.  Furthermore, plaintiff notes that he has filed three motions to reinstate the case to active status in January, June and August of 2012.  Respondent has not filed any response to any of those motions. Accordingly, defendants will be ordered to respond to plaintiff's motion for sanctions and will be ordered to show cause why sanctions should not be imposed for their failure to comply with the assigned district judge's September 4, 2009 order.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to reinstate the case, motion for recusal and motion for sanctions (Doc. No. 60.) is DENIED IN PART.  Plaintiff's motion for recusal is denied; and

2. Defendants shall file a response to plaintiff's motion for sanctions (Doc. No. 60) and show cause why sanctions should not be imposed within fourteen (14) days of the date of this order.

Furthermore, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to return the case to the active calendar (Doc. No. 59) be granted and the stay issued September 4, 2009 be lifted; and

/////

---

[2]  The extremely heavy caseload of this district is well-documented.  Though the court understands that it is of no solace to plaintiff, it appears that his 2012 filings in this action have inadvertently been overlooked by the court until now.  That oversight does not, however, reflect any bias or prejudice.

2. Plaintiff's motions to reinstate the case to active calendar (Doc. Nos. 60 & 61) be denied as duplicative.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 19, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
DAD1/prisoner-civil rights/chap1183.liftstay