IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,

      Plaintiff,                 No. 2:04-cv-1183 LKK DAD P

  vs.

C. K. PLILER, et al.,

      Defendants.           ORDER AND FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. On September 20, 2012, the court issued an order to show cause on defendants why sanctions should not be imposed in light of defendants failure to comply with the assigned District Judge's September 4, 2009 order that defendant notify the court within twenty days of the resolution of the motion for rehearing en banc in Norwood v. Vance, 591 F.3d 1062 (9th Cir. 2010), cert. denied, – U.S. –, 131 S. Ct. 1465 (2011). Defendants were ordered to show cause within fourteen days.

I. MOTION TO RESPOND TO ORDER TO SHOW CAUSE BEYOND TIME GIVEN

      On October 10, 2012, defendants filed a request to respond to the September 20, 2012 order to show cause beyond the applicable fourteen-day period. Defendants also

contemporaneously filed their response to the order to show cause on October 10, 2012.  Good cause appearing, the motion to respond to the court's order beyond time will be granted and the October 10, 2012 response by defendants will be deemed timely.

## II.  MOTION FOR SANCTIONS

The court is concerned with defense counsel's inaction in this case.  In response to the order to show cause why sanctions should not be imposed, defendants' counsel stated as follows:

> The failure of counsel to notify the District Court was due to inadvertent error.  Immediately following the denial of the rehearing *en banc*, Norwood filed a petition in the Supreme Court of the United States seeking certior[ar]i.  Counsel was aware that some briefing in that matter had been submitted by this office, but was unaware of the outcome of that case, or whether the Supreme Court case was still pending.  Counsel was not notified by the attorney in the Norwood matter that the Supreme Court had denied certior[ar]i, and although Plaintiff had suggested that the case was no longer pending [in] the Court of Appeals, counsel only just learned that the Supreme Court had denied Plaintiff's petition in June 2011.
>
> Although the Ninth Circuit had denied rehearing *en banc* long ago, the Norwood case was pending in the United States Supreme Court for several months.  Counsel's failure to comply with the Court's order and timely notify the Court of the resolution of the Norwood case was due to inadvertent error.

(Dkt. No. 66 at p. 2.)  The court finds this response to the order to show cause woefully inadequate.  The September 4, 2009 order required the defendants to notify the court within twenty days of the resolution of the motion for rehearing en banc in Norwood.  That motion was decided by the Ninth Circuit in January 2010.  Defendants' reasoning that Norwood subsequently sought a writ of certiorari in the United States Supreme Court is irrelevant to the reason this case was stayed by the assigned District Judge.

Moreover, defense counsel's response completely ignores plaintiff's assertions that he wrote to defendants' counsel inquiring as to the status of the Norwood case.  Perhaps more importantly, defendants' response fails to note that in January, June and August 2012,

plaintiff filed motions in this court to return the case to active status in light of the <u>Norwood</u> decision, yet defendants still failed act.[1]  Perhaps most disturbing is that defendants' counsel admits that she knew that the United States Supreme Court had denied certiorari in <u>Norwood</u> in June 2011.  Despite this knowledge, defense counsel never notified the court that the <u>Norwood</u> case was no longer active.

        Federal courts have the inherent authority to sanction conduct abusive of the judicial process.  See <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43-45 (1991).  The inherent power to impose sanctions against attorneys includes situations where there is bad faith litigation or willful disobedience of court rules or orders.  See <u>Zambrano v. City of Tustin</u>, 885 F.2d 1473, 1481-82 (9th Cir. 1989); <u>see also</u> <u>In re Lehtinen</u>, 564 F.3d 1052, 1058 (9th Cir. 2009) (holding that the court must make explicit finding of bad faith or willful misconduct before imposing sanctions under its inherent sanctioning authority).  The term bad faith "includes a broad range of willful improper conduct."  See <u>Fink v. Gomez</u>, 239 F.3d 989, 992 (9th Cir. 2001).  Sanctions are thus "available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."  <u>Id.</u> at 994.  "Willful misconduct" or "conduct tantamount to bad faith" is "something more egregious than mere negligence or recklessness."  <u>In re Lehtinen</u>, 564 F.3d at 1058 (internal quotation marks and citations omitted).  Nevertheless, sanctions should be reserved for "serious breaches."  <u>Zambrano</u>, 885 F.2d at 1485.  Furthermore, the Supreme Court has noted that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion."  <u>Chambers</u>, 501 U.S. at 44.

        The court does not agree with defense counsel's characterization of her failure to notify the court of the resolution of the <u>Norwood</u> case as mere inadvertent error.  As defense

---

[1] Unfortunately, perhaps because it was unclear whether the inquiries regarding the status of the stay were being directed to assigned District Judge or to the undersigned, so too did the court fail to act on these inquiries until recently.  It is now anticipated that stay in this action will soon be lifted.

counsel admits, she was aware at least by June 2011 that the Norwood case was no longer pending in the United States Supreme Court.  Furthermore, defense counsel was on notice via plaintiff's filings as early as January 2012 that the Norwood case had been decided, yet she still failed to comply with the court's September 4, 2009 order.  Contrary to defense counsel's characterization, her conduct is more akin to "recklessness" as opposed to "inadvertent error" in light of her stated knowledge as well as her imputed knowledge in light of plaintiff's filings. Nonetheless, as stated above, more than recklessness is needed to impose sanctions.  While defense counsel's actions (or inactions) were woefully inadequate in multiple respects, the court believes that restraint dictates that sanctions not be imposed on defense counsel for her inaction in this case.  Accordingly, the motions for sanctions should be denied.

### III.  MOTION TO APPOINT COUNSEL

Plaintiff has also requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

/////

/////

IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to respond to the court's September 20, 2012 order beyond time (Dkt. No. 65.) is GRANTED and plaintiff's response to the September 20, 2012 order to show cause is deemed timely; and

2. Plaintiff's October 19, 2012, motion for appointment of counsel (Docket No. 68) is DENIED.

Furthermore, IT IS HEREBY RECOMMENDED that Plaintiff's motions for sanctions (Dkt. Nos. 60$^2$ & 67) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 6, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
chap1183.31.sanctions

---

$^2$ Docket Number 60 included three separate motions; specifically:  (1) motion to reinstate the case; (2) motion for recusal; and (3) motion for sanctions.  The September 20, 2012 findings and recommendations analyzed the motion to reinstate the case as well as the motion for recusal and ordered defendants to respond to the motion for sanctions within that filing.

5