1  Rex Chappell B-42679
   2779 Xavier Street
2  E. Palo Alto, Ca. 94303.
       IN   PRO   SE



FILED
MAY 1 2 2016
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

United States District Court

Eastern District of California

Rex Chappell,              Case No. 2:04-CV-1183-TLN-DAD
    Plaintiff,              Plaintiff's Opposition
                            To Defendants Statement
  -vs-                      Of undisputed Facts.
C.K. Pliler, et.al.
    Defendants

In dispute of Page (2), # (9) of Defendants' undisputed statement of facts. Defendants are exaggerating the violence that occured after January 4, 2002.... Infact the amount of violence that occurred from 1/4/02 to 8/24/03 was minimal in comparison to the norm of thing's. (And that is easily proven through Defendants own record's stored in their data base processing system......

In dispute of Page (3) # (14), There were Black and white Inmate's Released to work the very next morning (For Reason's that CSP-Sacramento Spokesman Billy Mayfield stated on Local New), "It was isolated to a Southern Mexican gang", the

- ONE -

1. INMATES WHO COMMITTED THE ASSAULT ON STAFF,"
2. IN DISPUTE OF PAGE(3) # (17);
3. DEFENDANTS KNOW FULL WELL THERE WAS NO
4. PAGING SYSTEM AVAILABLE FOR MONTH'S, EXC-
5. EPT FOR THOSE BLACK'S AND WHITE INMATES
6. BEING LET OUT OF THEIR CELL'S TO WORK. THESE
7. SAME CHOSEN FEW INMATE'S WERE BEING
8. AFFORDED, HOT MEAL'S (WHERE ALL OTHER
9. BLACK AND WHITE'S WHO WERE ALSO KNOWN
10. TO HAVE NOTHING TO DO WITH ASSAULT ON
11. STAFF), WERE BEING DENIED, THEY WERE
12. ALLOWED THEIR QUARTERLY PACKAGES FROM
13. HOME, CANTEEN FOOD ITEM'S, WHILE THE
14. REMAINING BLACK & WHITE INMATE POPUL-
15. ATION WERE BEING DENIED QUARTERLY PACKAGES
16. "AND WERE DENIED FOOD ITEMS," AND COULD
17. ONLY PURCHASE SOAP, TOOTHPASTE, SHAMPOO
18. DEODERANT AND STATIONARY ITEM'S), THESE
19. SAME BLACK AND WHITE INMATE'S WERE
20. ALLOWED VISITATION, PHONE & YARD PRIVIL-
21. ESES, "WHILE THE REMAINING BLACK & WHITE
22. INMATE'S WERE DENIED THESE PRIVILEGES."
23. THESE ACTION'S BY DEFENDANTS, VIOLATED
24. NOT ONLY THEIR OWN RULE'S, REGULATION'S AND
25. POLICIES, BUT ALSO PLAINTIFF'S AND EVERY
26. BLACK & WHITE INMATES' FOURTEENTH AMENDMENT
27. U.S. CONSTITUTIONALLY PROTECTED RIGHT, (EQUAL
28. PROTECTION) & CDCR'S (C.C.R./TITLE 15 SECTION

— TWO —

3022. Defendants also allow these chosen Black & White inmate's tobacco products, "and denied the remaining Black & White (and remaining prison population those products). Which was not only an Equal Protection violation, it subjected Plaintiff to Cruel and unusual punishment. The Plaintiff talked to Defendants VANCE AND Goughnour", in the presence of approximately (4) inmate's in the B-Facility Sally-Port who were waiting to see a Doctor", Why all Black & White inmate's all locked down and being denied all privileges and are eating (2) cold bag lunches a day. VANCE & Goughnour's response was "if we punish all of you," "you guy's will do somthing to those guy's that assaulted our staff."

Defendants simply are disillusioned because they seem to think there's somthing legal about denying attorney visits, Plaintiff was going to court facing 25 yrs. to Life ..... Defendants unnecessarily denied me meaningful access to court's, also my 6th. Amendment rights.

In dispute of Page (5) # (32). Does not matter what happened April 3, 2002 Plaintiff and no other Black or White was given Yard.

— Three —

Defendants simply did that on paper to cover their butts.... as witnesses has and will testify to again.

IN dispute of Page(s) #(33) What exactly is that nonsense suppose to mean. "There is tension on any yard everyday, (365) day's a year," and if you lock down a yard for that, nothing would ever get done. (In this instance case these Defendants targeted Black Crip's because of their grievance's)..., "Not tension" that was Defendants, Vance, Rosario & Goughnour implementing their plan, target the largest Black gang on the yard, so they would attack the Hispanic's who attacked their staff.

IN dispute of Page(s) # (34) The program was never normal as Defendants claim, except for the fraudulent paper work they generated. As Plaintiff's witnesses will testify.

IN dispute of Page (5) #(35) What does a stabbing assault involving white inmates have to do with Black Crips, Canteen or yard...., Defendants strategicly tried to create a situation between races....

IN dispute of Page (6) # (36.) Program was never returned to normal Plaintiff was in his cell from Jan. 2002 until Aug. 2002

— Four —

AS WAS THE MAJORITY OF INMATES (EXCEPT FOR THOSE MEXICAN'S WHO DEFENDANTS CLAIM STABBED THEIR OFFICER'S). DEFENDANTS PUT THEM IN THE Ad/Seg. (ADMINISTRATIVE SEGREGATION) AND AND GAVE THEM YARD, SHOWER'S, CANTEEN & VISIT'S AS WELL AS QUARTERLY PACKAGES). WHILE BLACKS AND WHITE'S "WHO did NOTHING" SUFFERED.".

IN dispute OF PAGE (6) # (38), DEFENDANTS HAVE THE AUDACITY TO THINK THE STUFF DEFENDANT ROSARIO did, WAS OKAY. THIS IS A VIOLATION OF THE 8th & 14th AMENDMENTS. (PLAINTIFF LAY IN HIS CELL, DETERIORATING MENTALLY & PHYSICALLY) AND (PLAINTIFF WAS being PUNISHED BY THIS DEFENDANT BEFORE HE'D DONE ANYTHING) "AND THERE WAS NO EVIDENCE HE WOULD".

IN dispute OF PAGE (6) # (39), Again, THIS WAS ONLY ON PAPER AS WITNESSES WILL TESTIFY. WE NEVER GOT OUT OF OUR CELL'S UNLESS IT WAS TO SEE THE DOCTOR.

IN dispute OF PAGE (7) # (46) PLAINTIFF WAS RETALIATED AGAINST. He WAS TRANSFERED BECAUSE OF HIS LITIGATION AGAINST DEFENDANTS FOR THESE ILLEGAL ACTS'. PLAINTIFF WASN'T TAKEN BEFORE A COMMITTEE (WHICH IS THE ONLY WAY YOU CAN BE PUT UP FOR TRANSFER). PLAINTIFF WENT IN A ROOM WITH DEFENDANT VANCE (CAPTAIN) AT THE TIME, AND WAS ASKED

- Five -

1. wHere you WANT TO go. Pick somwHere
2. because you are Leaving Here because
3. you Are Filing Too much PAPeR woRk.
4. AND you goT NORwood AND otHer People
5. Filing it Too. "I didn'T Know wHo
6. NORwood WAS wHen He'd said it", because
7. Prisoner's don'T Know ONE ANOTHeR by THeiR
8. LAST NAme, "WE Know Nickname's OR THe
9. FiRST NAme's". THey TRANFeRed me THe Next day.
10.    I declare under PenALTY OF
11. PerJury THe foregoing is True & Correct.
12. MAY 5, 2016

*[signature]*

REX CHAPPELL B-42679
IN PRO se

- SIX -

1  REX CHAPPELL B-42679
   2779 XAVIER STREET
2  EAST PALO ALTO, Ca. 94303,
   IN PRO SE
3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF CALIFORNIA

7

8  REX CHAPPELL,              CASE NO. 2:04-CV-1183-TLN-DAD
9  - VS -
                              PROOF OF SERVICE
10 C.K. PLILER, et AL

11 _____/

12     I Hereby Certify THAT ON 5/7/2016, I
13 served a COPY OF Response TO COURT'S
14 APril 20, 2016 ORDER by Placing a COPY IN
15 a Postage Paid envelope Addressed TO THE PERSON
16 Listed, by depositing said envelope IN THE United
17 STATES MAIL AT THE EAST PALO ALTO POST OFFICE
18   KeLLI M. Hammond
     DEPUTY ATTORNEY General
19   1300 "I" STREET, SUIT 125
20   SACRAMENTO, Ca. 94244-2550

21     I declare under PENALTY OF PERJURY THE
22 FOREGOING IS TRUE AND Correct

23
   MAY 5, 2016
24

25

26                          _____
                            REX CHAPPELL B-42679
27                          2779 XAVIER STREET
28                          E. PALO ALTO, Ca. 94303
                            IN PRO SE